**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**LARRY EDWARD HYMES**                                   **PLAINTIFF**

v.                                         **Civil Action No. 3:05-CV-181-WSu**

**STATE OF MISSISSIPPI, AND ITS**
**LEGISLATURE, AGENCIES AND TRIBUNALS**              **DEFENDANTS**

## ORDER OF DISMISSAL

Plaintiff Larry Edward Hymes brings this civil rights action under Title 42 U.S.C. § 1983[1], alleging that Mississippi Code Annotated Section 15-1-49,[2] Mississippi's three-year statute of limitations which barred his untimely legal malpractice action against his criminal defense attorneys, violates his First Amendment right of access to the courts and his Fourteenth Amendment right to equal protection of the laws.[3] In

---

[1] Under section 1983, the federal government has provided for civil redress against individuals who, under color of state law, deprive another of "any rights, privileges, or immunities secured by the Constitution or laws." This has been interpreted to mean that "the conduct causing the deprivation of a federal right be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

[2] Mississippi Code Annotated § 15-1-49 governs actions without a prescribed period of limitation. The statute states the following: (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after. (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury. (3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.

[3] The plaintiff argues that Mississippi's application of its catch-all three-year statute of limitations violates his First Amendment right of access to courts and, that treating legal malpractice claims differently from malicious prosecution claims (which accrue only after criminal proceedings are

this action, he is suing the State of Mississippi, its Legislature, and unnamed agencies and tribunals who the plaintiff believes to be responsible for the enactment and provisions of Mississippi Code Annotated Section 15-1-49.  This is his only claim.[4]  Defendants have attacked plaintiff's complaint under Rule 12(b)(1),[5] seeking dismissal of his lawsuit in toto.  For the reasons set out below, this court grants defendants' motion.

### **Facts**

Specifically, the plaintiff says he was convicted of two felonies in 1991;  that he filed for post conviction relief in 1995 when he learned of his attorneys' negligence;[6] and that he was granted relief when his convictions and sentence were vacated in 2000 based on his claims of attorney malfeasance.  Plaintiff then filed a civil action in

---

complete) has no rational basis and violates the Equal Protection Clause of the Fourteenth Amendment.

[4]In 1991 Hymes was convicted of possession of marijuana with intent to sell or distribute and of possession of a firearm by a convicted felon.  He was sentenced to a total of thirty-five years in prison.  A direct appeal resulted in affirmance of his conviction.  However, in 1995 Hymes pursued post-conviction relief based on ineffective assistance of counsel.  The relief sought was eventually granted and Hymes' conviction was vacated in May 2000.

[5]Rule 12(b)(1) provides that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, ... ."

[6]Among other things, the plaintiff claimed in his post-conviction relief proceedings that his trial counsel was ineffective when he failed to object to testimony provided by the plaintiff's accomplice, one Clarence Pearson, who had been convicted and was serving time in the penitentiary for participation in the same crime for which the plaintiff was being tried.  Plaintiff complained that counsel failed to request an on-the-record weighing of the probative value versus the prejudicial effect of Pearson's testimony and also failed to request a cautionary instruction from the judge about this testimony. According to the plaintiff, counsel's performance in this regard was prejudicial because once the jury learned that Pearson had been convicted and imprisoned for participating in the same offense, the plaintiff could not possibly receive a fair trial.  The Mississippi Supreme Court found merit to this contention and ordered an evidentiary hearing before the trial court.  *Hymes v. State*, 703 So.2d 258, 261 (Miss. 1997).

Page 3.

2001 against his defense attorneys claiming ineffective assistance of counsel, a claim which was based upon the negligence the plaintiff had discovered prior to his seeking post-conviction relief in 1995.  The trial court dismissed the lawsuit as untimely and the plaintiff appealed.  The Mississippi Court of Appeals upheld the trial court's disposition of the matter, noting that:

> [t]he period of limitation in such a suit begins to run as of the date the client learns, or through reasonable diligence should have learned of his counsel's negligence.  *Smith v. Sneed*, 638 So.2d 1252, 1253 (Miss. 1994). ...  Hymes was not required by the operative cause of action for professional malpractice to prove that the effects of his counsel's alleged negligence had been finally set aside.  The limitation period was therefore not awaiting final resolution of the criminal matter before it would begin.

*Hymes v. McIlwain*, 856 So.2d 416, 419 (Miss. Ct. App. 2003).  This decision was upheld by the Mississippi Supreme Court and the United States Supreme Court when the plaintiff's petitions for writs of certiorari were denied.

## **The Arguments**

Now, the plaintiff seeks to have a jury trial pursuant to a federal civil rights statute against the State of Mississippi in a federal court  because, as he argues, Mississippi's statute of limitations has extinguished his claim for alleged injuries suffered due to the negligence of his attorneys in the state criminal case.  Of course, this is what a statute of limitation does.  *See Bonti v. Ford Motor Company,* 898 F.Supp. 391, 394 (S.D. Miss. 1995) (a statute of limitation acts to extinguish, after a period of time, one's right to prosecute an accrued cause of action).  A statute of limitations places a limit on the amount of time one has to proceed on a cause of action once it has already accrued.  *Id.*

The defendants respond with a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1)[7] of the Federal Rules of Civil Procedure.  Rule 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994);  *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case ... [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MD Physicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990).  For the reasons that follow, this court is persuaded to dismiss the plaintiff's complaint for lack of subject matter jurisdiction.

---

[7]See fn. 5.

**STATE SOVEREIGN IMMUNITY**

The defendants argue that the plaintiff's lawsuit is barred by the Eleventh Amendment[8] to the Constitution of the United States which preserves a state's sovereign immunity from the lawsuits of private citizens in federal court. State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed even before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution. *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). The concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and secondly, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999). The term "state sovereign immunity" is used imprecisely by the courts to refer to both parts, i.e., the immunity from suit, and the entity itself, including all of its powers, rights and privileges. *See Alden*, 527 U.S. at 712-13, 119 S.Ct. 2240. Because the Eleventh Amendment recognizes a State's sovereign immunity from suits brought by individuals in federal court, the Supreme Court has often referred to this as "Eleventh Amendment immunity," the term used by the defendants in this case. "Eleventh Amendment immunity" is a misnomer, however, because that immunity is really an aspect of the United States Supreme Court's concept of state sovereign

---

[8]The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend in any suit in law or equity, commenced or prosecuted against one of the United States by Citizens or Subjects of any Foreign State."

immunity and is neither derived from nor limited by the Eleventh Amendment. *Id*. Nevertheless, the term "Eleventh Amendment immunity" has been used loosely and interchangeably with "state sovereign immunity" to refer to a state's immunity from suit without its consent in federal courts. *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999) (using both terms); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 251 (5th Cir. 2005) (there is no such thing as an Eleventh Amendment immunity separate and apart from state sovereign immunity).

## The *Ex parte Young* Exception

An exception to State Sovereign Immunity is offered by *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This exception is grounded on the concept that the state cannot authorize its officials to violate the Constitution and laws of the United States.[9] *See Cox v. City of Dallas*, 256 F.3d 281, 307 (5th Cir. 2001), citing *Ex parte Young*. For the *Ex parte Young* exception to apply, the plaintiff's suit must: (1) allege a violation of federal law; (2) *be brought against individual persons in their official capacities* as agents of the state; and (3) seek declaratory or injunctive relief in nature and prospective in effect (emphasis added). *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. denied*, 528 U.S. 851, 120 S.Ct. 130, 145 L.Ed.2d 110 (1999). In determining whether the exception applies, the court need only conduct a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly

---

[9]The *Ex parte Young* exception does not apply to state law claims. *See Pennhurst v. Halderman*, 465 U.S. 89, 105, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984).

characterized as prospective." *Verizon Md., Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002).

In the instant case the plaintiff seeks a jury trial.  This court can contemplate no other reason for the jury trial against the State of Mississippi in this federal court than that the plaintiff intends to seek monetary damages.  Even if the plaintiff seeks only injunctive relief, he makes no assertion that Mississippi's enactment of a statute of limitations constitutes an ongoing violation of federal law or that the Mississippi statute of limitations authorizes particular, named state officials to violate federal law.  He contends instead that the applicable Mississippi statute of limitations is unconstitutional when it is applied to him and bars his state law claim against his attorneys.  If this claim had the merit the plaintiff attributes to it, this would mean that any claimant whose Mississippi lawsuit was dismissed for being untimely pursuant to a statute of limitations would have a constitutional claim against the State of Mississippi for violation of the claimant's constitutional rights.  This court is wholly unpersuaded by such an assertion.

Therefore, inasmuch as this court can find no basis for applying the *Ex Parte Young* exception, this court has no subject matter jurisdiction over this lawsuit.  This court can find no reason to permit the State of Mississippi's reliance on its sovereign immunity, as preserved by the Eleventh Amendment, to be abrogated on basis of the plaintiff's claims in this case.  In this court's view, the plaintiff's claim that his constitutional rights have been violated by Mississippi's enactment of, and its courts' interpretations of, its statute of limitations is specious at best.

7

## **THE ROOKER-FELDMAN DOCTRINE**

The defendants also contend that the Rooker-Feldman doctrine[10] prevents this court from assuming jurisdiction over collateral attacks on state court judgments.[11] *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994), citing *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Constitutional questions arising in state proceedings, say defendants, are to be resolved by the state courts. *Id*. Any alleged constitutional error in the state court judgment is to be reviewed and corrected by the appropriate state appellate court. *Id*. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. *Id*. Drafting one's complaint in the form of a civil rights action cannot circumvent this rule, particularly when it places the federal court in the position of having to review, modify, or nullify final orders of the state court as though it had appellate jurisdiction over the state court. *Id.*, quoting *Kimball v. Florida Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980).

The plaintiff in the instant case cites no authority which holds that any state's application of a statute of limitations violates an individual's constitutional rights. Nor

---

[10]A party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314-15, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

[11]Though doctrinally different, collateral estoppel and res judicata have a close affinity with the Rooker-Feldman doctrine. *See Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1229 n. 7 (11th Cir. 1999). *See also* Title 28 U.S.C. § 1738 (requiring federal courts to give state court decisions the full faith and credit they would be entitled to under state law).

does he cite any authority which permits a state to be sued for having enacted a statute of limitations or having provided judicial interpretations of the statute in lawsuits filed by its citizens.  The issue resolved by the Mississippi Courts, the very issue the plaintiff seeks to litigate again in this court, is that, unlike malicious prosecution cases where one waits until the prosecution is resolved in his favor for his cause of action to accrue, a claim for attorney malpractice accrues when the plaintiff learns, or should have learned, of the malpractice.  There simply is no authority holding that a citizen of a state may obtain a decision in federal court holding this ruling of Mississippi's appellate court is null and void;  instead, once the state trial court dismissed the plaintiff's malpractice lawsuit as time-barred, the plaintiff's next step was to appeal, first to the Mississippi Appellate Court/Mississippi Supreme Court.  Once the Mississippi trial court's ruling was upheld, the plaintiff then properly sought review by the United States Supreme Court.  The plaintiff followed all the proper steps until his petition for a writ of certiorari before the United States Supreme Court was denied.  Now, he simply seeks to continue the fight before this court under the guise of having asserted a constitutional claim.  This court is not authorized to consider such a claim under the circumstances presented.

### **The Principle of Federalism**

Finally, in passing, this court shall address briefly the concept of federalism.  The system of federalism and abstention in the United States, that is, the principle that the federal courts will leave state laws to the interpretation of the state courts and federal courts will give state court interpretations priority when cases are brought in federal courts involving state laws, is a long and well-established principle of American

jurisprudence. *Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994, 1003 (1979). This court respects the concept of federalism and will not make a *de novo* ruling on a settled state court dispute, in this case when the plaintiff's cause of action against his attorneys accrued. Moreover, this court agrees with the Mississippi Court of Appeals that the plaintiff's cause of action began to run when he learned, or through reasonable diligence should have learned, of his counsel's negligence, notwithstanding the plaintiff's insistence that malpractice claims should be handled like malicious prosecution claims, requiring one to wait for the final resolution of his criminal case in order to file this lawsuit.

The United States Supreme Court often has expressed the essence of federalism, that state courts are the principal expositors of state law, and when federal courts disrupt that process by interjecting themselves in such disputes, they prevent the informed evolution of state policy by state tribunals. *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371. Moreover, the United States Supreme Court has recognized on many occasions that states have a very important interest in executing most aspects of their own judicial system. *Pennzoil v. Texaco*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). For this reasons, and the reasons stated above, this court is persuaded to dismiss the plaintiff's complaint.

## **CONCLUSION**

Therefore, for all the reasons set forth above, this court concludes that the above styled and numbered cause must be dismissed for lack of subject matter

jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [**Docket No. 7-1**].

      **SO ORDERED this the 17th day of March, 2006.**

      **s/ HENRY T. WINGATE**

      **CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:05-CV-181WS

Order of Dismissal